With the lawyers who are going to argue the case, please approach and introduce yourself to the court. Good morning. My name is Terry Carter. I represent the Appellant and Taxpayer, in this case, MD Financial Bank. Good morning, Your Honor. My name is Mindy Salyer, MDF of CCPI. All right. Well, let's proceed. You're going to reserve some time for rebuttal. I'd like to reserve three minutes. Thank you. Your Honors, this case involves property located in Oak Park, Illinois. In 2009, a tax deed issued to a company named CCPI. Despite the issues of that tax deed, the taxpayer, in this case, asserts that it is still the owner of that property. It is the owner of the property because the tax deed issued to CCPI is void. It is void because CCPI failed to record its tax deed within one year of the expiration of the redemption date. And that is pursuant to Section 2285 of the Property Tax Code. There are so many, when you call it void, one of the arguments made is that that sort of characterization leaves open the possibility that you could, a property owner in your situation could wait one year, two years, three years, and no unlimited amount of time, except maybe with latches applying, to challenge the issuance of a tax deed. And that doesn't seem like a good way to run a business, or run the real estate. The statute says it's void without reimbursement if it's not recorded within one year. Five years, ten years, if the tax code is not complied with. What if, during that period of time, the person that received the tax deed has sold it to someone else in good faith? And so you have a different owner. And we might have a latches argument, and we might have other arguments, but if the tax deed is void, it's void. In the history of the appellate court, there's only been one case where the tax deed has been voided since predating the Civil War. The Revenue Act, and now the Property Tax Code. So the circumstances that we described are very, very, very different. Then that raises the question, why are we in the situation that, why are you in the situation that you're in? Why didn't MB Bank do something when it got all those notices? MB Bank tried to redeem the property. Due to a clerical error in-house, and because of an ambiguous estimate of redemption, they did not redeem. But the case is not about what MB didn't do. It's about what the tax buyer, the tax purchaser, failed to do. An extension was delivered to the Cook County Clerk's Office by a non-holder of a lien. The lien holder, G.J. Ventures, transferred its lien to Sabre Group, LLC. Did you notice that in their brief, they say that G.J. acted as counsel, as the attorney for the successive assigning? It states that on the notice of extension itself, which G.J. delivered to the county. It's in almost an affidavit format, not signed by anyone, but it's made out in an affidavit format. A non-human being cannot sign an affidavit. The extension, if that's what we want to call it, was delivered and accepted by the county. But G.J. had no right. Let me ask you, what's the purpose behind extensions by the tax lien buyer and the assignees? I didn't understand. I don't understand. What's the purpose? Why would anyone in that situation grant, extend the redemption period? The reason the redemption period gets extended is because a number of the tax buyers are professional buyers, and they buy a number of liens. And you have to fulfill certain requirements under the code, time provisions. You have to file your case within three to six months of the redemption period, send your notices out. So the reason they do that is to keep their cases consistent. Now, in this case, it's our contention that the delivery of the extension by G.J., having assigned all of its rights, was annulled. It was void. It extended nothing. What about our standard of review in this case? We know the trial judge said that nothing improper occurred, and that based on the language in the tax code, it's either a purchaser or his or her assignee can file an extension. And in this case, one or the other did. We believe the standard of review is to know this is an interpretation of the statute. And the trial court erred in granting the motion to dismiss, the 615 motion to dismiss, because the court held that despite the assignment, the purchaser or the assignee, the prior tax lien holder He read it literally. Well, I disagree that he read it literally. The plain meaning, the legislature uses the word or, which is disjunctive. It's one or the other, but not both. Well, they're not going to jointly file it, are they? No. So one or the other isn't going to do it. So who can do it? And the answer to that is the holder of the tax certificate. And when you look at the tax code, it becomes clear that only the holder of the tax certificate can extend the period of redemption. In fact, only the holder of the lien can do anything with the tax certificate.  Before you go into that, if the assigner was the agent of the S&E, that would make a difference. Would you agree? Yes, if the assigner is an agent. An agent has the right to extend the period of redemption for the holder. But there's no such evidence here. There's nothing in the record that says that or states that. But the agent would do it on behalf of the principal and not on its own behalf because it no longer has. Correct. But J.G. did it on its own behalf, or at least it appears that they did it on their own behalf. They don't name Saber anywhere in their records. That's correct. That's the point. Even though they had already assigned it. Twenty-two months earlier. Section 21350 of the code is the section that delineates what the redemption period times are for certain types of property and when folks can redeem. There's a two-year redemption date, as in this case, if it's one year tax sold. There's also a two-and-a-half-year date if it's a residential property. Section C states, and we believe defines what purchaser or S&E means as it relates to extensions. It states, if the period of redemption has been extended by the certificate holder as provided in Section 385, the property may be redeemed on or before the extended redemption date. That section of the code, in our opinion, defines what purchaser or S&E is. It can only be the holder. Let me ask you to help me out a little bit. Sure. Because what's the argument regarding a collateral attack versus a direct attack, whether it's a 1401 or a 1203 petition? Is there a difference? Why should there be a difference? There's a difference here. The collateral attack is a motion to attack. It's a relief from the order directing the issuance of tax deal. And the tax code limits taxpayers to four grounds to try and vacate the order, to get relief from the order. The first point I want to make is that the taxpayer here is not attacking the order. We're attacking the deed. Section 2285 is specific. It only relates to the deed. The order, we frankly don't care about. It's the deed that is void.  Wait, let me stop you there. Yes, Your Honor. 1401 is the vehicle that you used here initially. I filed a motion to void the deed under 2285, and I also filed a 1401. But once you filed the 1401, that's the vehicle you used to vacate an order. That's correct. But in my motion, I alleged fraud on the 1401, but I also filed a motion to void the tax deed. I wanted to bring to the Court's attention that the deed was void and to get the relief. So in actuality, you probably didn't even need the 1401. Correct. Okay. Assuming we adopt your view. Of course. If it's void. If it's void. But getting back to the collateral attack, number one, we're not attacking the order. We're attacking the deed. Number two, the Circuit Court, in granting the motion to dismiss, did exactly what we wanted him to do in terms of he went back into the tax deed court's finding and examined the propriety of the redemption. He looked at the notices, and he determined that even though it was assigned, they had the right. So we believe that that's an admission that this was not a collateral attack, at least the motion to void it. But the Court erred because it found that purchaser or asset need can extend the period of redemption. So because the redemption date was not properly extended, it expired on June 12, 2008. What's interesting is that CCPI, who received the tax deed, they received their order directing issuance of tax deed in February, on February 11, 2009. Under our analysis, they had until June 12, 2009 to record the deed. If they had recorded the deed, my motion to void the deed would be gone, because they would have complied with the statute. For reasons unknown to the taxpayer in this instance... Let me stop you right there. So that's really the time frame within which you must act. You must act before it gets recorded. Otherwise, you cannot challenge... Who must act, Your Honor? A person claiming that the tax deed was void. No. If the tax deed is... I thought... No. The only time the tax... I thought you were saying that if they had recorded the deed... If they had recorded the deed prior to June 12, 2009, they would have recorded it within one year and the deed would not be void. Within one year, as opposed to within the... So for reasons unknown to the taxpayer in this case, they waited until November 4, 2009 to record their deed. Some six months after the February 12 redemption period expired. Because they were going on the assumption that their redemption period had been extended. But once the court enters the order for directing the county clerk to issue a tax deed, the court is essentially out of it at that point. It's up to the tax purchaser then, or the CCPI in this case, to go to the county, have the deed executed, and then record it. There's no reason to delay. Why they delayed, we do not know. So it's important in the time period as to when this became void, then. In our opinion, it became void on June... 13. Yes, ma'am. The day after. June 13, 2009. All right. But the time period is the creation of the void, of the voidness. It's a gap. A gap was created because they failed to properly extend. The next extension delivered by the Sabre Group, in this case, was on July 1. So the gap is June 12 to July 1. When that June 12 date comes and goes, the redemption period is gone forever because no tax deductions have been filed. Also, in addition to Section 21.350 of the C, which defines holder of the certificate as the person who can extend, Section 21.260E, as it relates to scavenger sales, also states that the owner of the certificate of purchase shall give notice, as required by the code, and may extend the period of redemption as provided by Section 21.35. Again, it's the owner and holder. And finally, when you look at this code as a whole, the tax deed procedures themselves, Sections 22.5 through 40, these are the procedures that govern how tax purchasers are to get a tax deed. And it states throughout, the purchaser, as it may, must file the notice. The purchaser, as it may, must send notice to the sheriff. The purchaser, as it may, may file a petition for tax deed. And on Section 22.40, it states that the court, if the court finds that the tax deed petitioner has complied with the tax code, it shall enter an order for tax deed in favor of the purchaser, as it may. That's the other question I have, is at the time that the order is sought for that tax deed, what documents does the circuit court have before it? The court only enters orders in favor of those who hold the certificate. It does not issue orders in favor of non-holders of the certificate. So does it examine the extension of the redemption period at all, or is it simple? In this case, yes. The courts look at the notices of extension. In this case, it was represented to the court that Saber filed both extensions, when G.J. did the first one.  That's the claim of fraud. The second point was made that the extension would be presented to the court, or a certified record from the county showing that the extensions were done would be presented. Neither were presented to the tax deed trial court before it entered its order for tax deed. Also, the application for tax deed states that both extensions are attached, when in fact they were not. That goes to the claim of fraud. So getting back to the section 2240, only the holder of the certificate can obtain a tax deed. They then surrender it to the county as holder in exchange for the deed. Thank you. Good morning, Your Honors. Mindy Salyer on behalf of CCPI. Your Honors, MB's count one motion to void is first barred and precluded, pursuant to the property tax code. And here is the primary reason why. They are attacking the February 11, 2009 court order, making a finding that the redemption date expired November 25, 2008. They can say all day that they are not attacking that court order, but they are. Section 2285 is indeed a self-effectuating statute. However, it's a perfection statute. So let me ask you this. You're basically arguing that errors aren't made in the court, and that if an error is made, tough luck? I mean, why shouldn't an individual be allowed to challenge what isn't really a finding? It accepted the representations made by your client. It didn't actually investigate and make a finding of fact. There was nothing contested. Why shouldn't that order be subject to challenge? It's not subject to challenge because MB sat on its rights. They could have came into the proceeding and filed an objection to the issuance of tax deed. They could have filed a petition or a motion to void within the 30-day window. When you point the finger at MB, it's kind of a little strange because there was no reason for, is it JG or GJ, to have filed the initial extension once it had assigned its rights to sign it. Right. We're arguing that it's first barred and that that argument is barred because, to answer your question, once the order for tax deed issues that is pursuant to Section 2240 of the Property Tax Code is codified in Section 2245, tax deeds are incontestable except for direct appeal from the Section 2240 order. What you're saying is that why should they not be allowed to attack the court order nine months and 26 days after its entry finding that the expiration of the redemption period expired November 25, 2008? And the answer is simply this. You cannot attack the notices in the tax deed proceeding. And why is this so? This is for merchantability of tax deed. There have been occasion where tax purchasers have petitioned for tax deed and a property index number is wrong on a 2210 take notice. If they do not file, the owner does not file or interested party an objection in the instant tax deed proceeding or within the 30-day window governed by 1203, they're barred and precluded from arguing any attack on the notices because of the merchantability of tax deeds. Did you cite such a case in your brief? Yes, Your Honor, in the brief. Also, Your Honor, Would that apply in case of fraud? In a case of fraud, it does open the door for a challenge of the notices. In this case, the appellant has argued three facts while the tax deed was purportedly procured through fraud. However, to argue fraud, you are governed. There is no question by Section 214.01 and 2245 which one of those requirements is diligence. You have to plead and or prove that you were diligent in bringing the Section 214.01 proceeding. Let me stop you there. That would be in most cases, but when something is void, then 1401 can be used as a vehicle without due diligence in many cases. No. I respectfully disagree, Your Honor. I believe that if you're going to allege fraud in a tax deed proceeding, you have to state so specifically your diligence in bringing the petition. If you're bringing fraud in conjunction with 2285 that the tax deed is void, you have to state specific factual allegations contained in your pleading. Okay. So it's your position that even if a tax deed is void, you still have to show due diligence and a meritorious defense. Is that what you're telling me? Yes. Okay. Yes. In this case, the pleadings filed by the appellant are factually insufficient. The only fact contained in the pleading is that J.G. assigned the certificate of purchase to Saber. All other allegations contained in the pleading are legal conclusions. It's a legal conclusion to determine that Saber or J.G. or any agent of Saber could not actually file the certificate, the notice of extension with the clerk. You just said an agent of Saber. I'm sorry? You just said an agent of Saber. Is there a claim anywhere that J.G. was an agent of Saber when they filed the request for an extension? The actual notice of extension states that the notice of extension was filed on behalf of the holder of certificate. Who does it say is the holder of certificate? The holder of the certificate, Saber. There's no factual allegation in the pleading that it was not filed by Saber. So that's – could we see that as a concession by you, that only the holder of certificate can, in fact, file an extension? And by the time that the first extension was filed, the holder of certificate was not J.G.? I respectfully disagree. It's not a concession. It's a response to their non-factual allegation. In our appellant reply brief and in the motion to dismiss, it is argued that the purchaser or assignee has authority to file the notice of extension with the clerk. We cited Roswell in our brief for the proposition. In Roswell, there was an incorrect redemption date posted in the book that was not filed or attended to the clerk by the tax purchaser. However, the court found in Roswell that the public has a right to rely on the public record. There's no break in the chain of the notice of extension, a period of redemption. If there were indeed an actual factual break in the judgment book in the clerk's office and there was a gap such as cert, then, indeed, 2285 would be in operation because you would not have recorded within the last expiration date. But in this case, the expiration date, as a matter of a conclusive fact, was November 2005 or, excuse me, November 25, 2008. And the tax deduction was recorded within one year. So the tax deed was perfected. Well, let me stop you there because I think you're saying that under cert, the court has a right to examine to see whether gaps exist. Yes, Gerald. To the extent that the court can examine to see if a gap exists, why shouldn't the court also have the authority to examine whether the initial extension of the redemption period was filed by the certificate of holder? Well, in this case, for the record, 48, the court found that the deed was taken out in the proper amount of time. And also, Your Honor, there's a difference in, again- That sounds more like a pro forma sort of statement because there is no hearing to reach that conclusion. It's simply boilerplate language, isn't it? Well, that speaks to the merchantability of tax deeds. You can't attack the notices of the tax deed proceeding. As in cert, the tax deed was issued September 6, 2000. And within 30 days of the entry of that order in a non-perfected tax deed, a petition to vacate was filed. And at that point, you can attack any aspect of the tax deed proceeding. You can attack the notices. You can attack when they were served. You can attack any aspect. After that window, Section 2245 expressly states that tax deeds issued pursuant to 2240, which in this case it issued, finding that the redemption date was 11-25-08, are incontestable except by direct appeal or as limited by Section 2245, stating four grounds. Now, had the appellant paid the taxes, then we would have a problem with the validity of the tax deed if the taxes were exempt. But there is no showing of that here. Instead, they're using 2285 as a procedural vehicle to get into and attack the notices of the proceeding, which they cannot do. They're barred. Okay. And just so it's clear, if you lose this case, you wouldn't be entitled to reimbursement? If we lose this case, it's my understanding that we won this case on a motion to dismiss. Oh, you mean if it went back down? It goes back down. Yes, yes. I'm sure they'd be willing to give you the money anyway. But in that sense, they're being benefited by their own lack of diligence. Well, the record is clear, and they do not deny that they were served three times. The record is clear of the tax deed proceeding in July of 2008. Absolutely no reasonable excuse has been afforded to the court as to why redemption first wasn't effectuated properly when they had mailed the amount in. And there was ample time for them to correct that, but they did nothing. Then, after a letter from the clerk dated at the end of 2008 for a whole year, they did nothing in response of the clerk's letter that said you missed the redemption date. Had they come in right then, Your Honor, at that time, they could attack the very notices that they are attempting to do so today. But they sat on their rights, and when you sit on your rights, your availability shifts to attack a tax deed. Let me just make clear for myself. What is your argument that the initial extension of the redemption period was properly filed? Was it because either the purchaser or the assignee could file it? Or was J.G. acting as the agent for Sabre? The actual notice of extension says in the first paragraph therein that the notice of extension was being filed on behalf of the holder of certificate. But it doesn't identify Sabre. That's correct. But it was filed by J.G. That's correct. And by the time it filed it, J.G. was no longer the lien holder. It had assigned it to Sabre. That's correct. Okay. That's correct. But you're really not taking a position as to why that's valid, or are you? I mean, the trial judge said that under the language, the literal language, it's either purchaser or assignee. And given that J.G. was the purchaser, he could file it even though he wasn't. He had already assigned it by then. The trial judge did state that. No, but what is your position? That's what I'm asking. My position is this, that the express language is clear, that it says purchaser or assignee, and that the notice of extension is for an internal purpose. So either one could do it even though the purchaser was no longer an interested party, so to speak. My position, after, of course, the barred and precluded position, is that the express language, appellant has cited Scheffler, and in Scheffler they're talking about whether or not a statute should be read as a whole. In Scheffler it expressly states that the cardinal rule of statutory interpretation is the express language of the statute, and that all other rules are subordinate. And in this case, Section 21.385 expressly states that a purchaser or its assignee may file the notice of extension. Now, why did the legislator put holder of the certificate in other provisions of the property tax code? Obviously it chose not to do so for a reason. And are they advocating the reading that purchaser or his or her assignee should mean that it's purchaser or if the purchaser has assigned it, the assignee must file that extension? Yes, they're arguing that only the holder of the certificate and that once the certificate was assigned that only Saber was the holder of certificate. However, they did argue quickly, Your Honor, in front of the trial court on the motion to dismiss, it's a matter of record, which is R27, appellant argued and conceded to the fact that as long as the holder authorizes the notices of extension, and that is R27, that it's permissible. Well, in this case, that's the very issue and contention of the tax purchaser is that there's no harm, no foul here. This isn't like a stranger went in and filed a notice of extension of redemption period, and moreover, it's a matter of public record. What's your best case for the proposition that it could be the assignee or the purchaser? Could you repeat that, Your Honor? The best case for what? The best case that you have that would show that statutory interpretation. I would say that the best case, speaking to the card in a rule, that statutory interpretation is that the express language would be the Schaeffler case cited by the appellant where that states expressly that it's the card in a rule. Let me rephrase my question regarding purchaser or his or her assignee. You're reading it as both purchaser and assignee can file the extension. They're saying that that literal language means only one can. If it's either the purchaser or in the event that the purchaser has a sign, then it must be the assignee. Why isn't that a reasonable interpretation of what the statute requires or the tax code requires? Well, given the statement that they're arguing that nine months and 26 days after the order, the point is moved. You cannot attack the notices of the tax deed proceeding. So we could argue all day about the express legislative intent of purchaser or assignee, but the fact remains that the notices in the tax deed proceeding are not contestable. The finding is conclusive as a matter of law. Section 2240 issues the tax deed which then directs the clerk to issue the tax deed pursuant to the 2240 court order. They can say that, hey, we need to talk about purchaser or assignee, but really what they're doing is they're saying that the 2240 court order finding that the expiration of the redemption date, November 25, 2008, is not valid. They cannot attack that court order nine months and 26 days after its issuance. If you allow this, where does it stop? Where does it stop? Can somebody come in and challenge a tax deed proceeding with a PIN number or a certificate wrong on a notice nine months and 26 days? The mergeability of tax deed and the public policy behind that is imperative. We need the money in the coffers to pay the bills, and when people do not pay their taxes on time, which they have a duty to be aware of and do, then they must be sold. And unfortunately it is a harsh reality that if you do not redeem after being served on notice three times, after being told by a clerk that you sent it late, and you do nothing until a year and almost six months later to come in and now say, wait a minute, the redemption date is not right and it's void, you've sat on your rights. Those rights have shifted. Well, it's my understanding that if something is void, it's void. That's correct. And it can be attacked through any type of vehicle if it's void. That's true. Had the tax deed been recorded subsequent to November 25, 2009, which is one year from the final date of redemption, then it would have been void. All right, but your argument here is that it wasn't void. That's really what your argument is. Absolutely. Because if it's void, you know, I don't care when they come in, they're still able to do it? Right. Absolutely. I'm arguing it was recorded within one year of the final date of redemption and that Section 2285 is a perfection statute. It requires the tax purchaser to record within one year of the final date of expiration. That happened here. I mean, you're relying on Section 2245. I'm relying on Section 2240, the order issuing the tax deed, as stated in Section 2245 is incontestable except for direct appeal or a ground stated in 2245. Any further questions, Your Honor? Thank you. Rebuttal. As stated in the cert case, a void order can be attacked any time. In this case, it's a void deed that we're attacking, and it can be attacked any time. This concept of collateral attack under 2245 does not apply in this case. The circuit court judge reviewed the extensions when he evaluated the motion to void the tax deed, number one. When you say 2245 does not apply, do you have a case to that point? Pardon? Do you have a case that says that? No, sir, Your Honor. The only case interpreting Section 2285 where a tax deed is declared void is the cert case. The reason 2245 can't apply here is because when we present a motion to void a tax deed, if 2245 prevents us from examining an error or impropriety in the tax deed hearing, in the finding, then when could one use 2285? It would become superfluous. You need, 2285 is a specific, narrowly tailored statute that almost every tax buyer complies with. The voiding of a deed, a tax deed under 2285 is rare because professional tax buyers know that the deed must be recorded. We must be allowed to examine the propriety of the extension of the redemption. The circuit court did, although they erred in allowing the extension. It's purchaser or assignee, which means holder. Only the holder of the tax certificate can extend the period of redemption. Only the holder can petition the tax deed court. Only the holder can obtain a court-ordered tax deed. It's absurd to think that either one of them can do it. Only the holder can. It's the simple law of assignments. And the tax code even has a provision that once you assign your tax certificate, all right and title and interest, get assigned, Section 21-250. No other interpretation other than holder of the certificate is plausible. The reason the legislature uses purchaser or assignee, we don't know, but it defines it. How about if somebody purchased it and they could assign it to somebody else? So they say the purchaser or whoever bought their rights, the assigning now. I mean, if you use it disjunctively, it seems right. And they have the right to, as holder, to perform all the acts that the statute bestows upon them, all the rights and powers. We don't think there's any other plausible interpretation. It must be holder, holder of the tax certificate. Now, you'll agree that's a very strict interpretation. I don't think it's a strict interpretation at all. I think it's the right interpretation because if you say it's not the right one, you're saying that it's a strict interpretation, what you're doing. Yes, it's a strict interpretation because the tax code is strict. Because one, in this case, the property was lost for $347 at a tax sale. The tax purchaser failed to comply with this tax code because G.J.,  having assigned that tax certificate 22 months beforehand. There's no evidence in the record that G.J. is the agent of Sabre. To conclude, we'd like to call the court's attention to a quote in the cert case, where the court indicated that the primary purpose of the tax sale provisions of the property tax code is to coerce tax-delinquent owners to pay their taxes. It is not to assist tax petitioners in depriving the true owners of their property. Lastly, the merchantability of tax deeds. Again, as I stated earlier, this 2285 argument has appeared one time in voiding a tax deed before this court. This is a specific and narrow statute that professional tax purchasers follow and know that their deeds must be recorded. Because the tax purchaser ran afoul here, they've lost everything. Thank you.